UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CLAUDE D. COLLINS**                                              **CIVIL ACTION**

**VERSUS**                                                         **NO.  08-886**

**STATE OF LA, JUDGE DRAKE ET AL.**                                **SECTION "C" (2)**

## REPORT AND RECOMMENDATION

Plaintiff, Claude D. Collins, filed this pro se and in forma pauperis complaint pursuant to 42 U.S.C. § 1983.  Plaintiff names as defendants the State of Louisiana, Judge Earnest Drake, Agiel Monaster, Debra Coulse, Hammond detectives and the Tangipahoa court house.  Plaintiff alleges that he has been convicted and illegally sentenced on "fabricated charges."  According to plaintiff, these "fabricated charges" date back to August 2004.  He states that he was incarcerated on a $250,000 bond.  Plaintiff seeks monetary compensation and injunctive relief.  (Complaint, p. 4).

Plaintiff has previously challenged the alleged false charges in this court.  In 2006, plaintiff filed Civil Action No. 06-0895 "S"(4) against defendants, Judge Bruce Bennett, Judge Jeff Morrison, Major Randy Pinion, Lieutenant Bandy Pinion, and the Tri-Parish Drug Court of the 21st Judicial District of Louisiana.  In this previously filed action, plaintiff contested his alleged false imprisonment in the Tangipahoa Parish Jail on a $250,000 bond for his failure to comply with drug court requirements.  The action was

dismissed with prejudice as frivolous and otherwise for failure to state a claim upon which relief may be granted. (Rec. Doc. No. 36, Judgment in Civil Action No. 06-0895 "S"(4)).

In 2007, plaintiff filed Civil Action No. 07-8220 "K"(5). Plaintiff named as defendants, Judge Drake, the 21st Judicial District court house, Tom Frison, Agiel Monaster, the Tangipahoa Parish Jail and Warden, R. Pinion, B. Pinion, and Hammond detectives. Plaintiff again challenged his false arrest and the "fabricated charges on [him] since 2004." (Rec. Doc. No. 6, Complaint, pp. 5-6, in Civil Action No. 07-8220 "K"(5)). This civil action is currently still pending in this court.

Plaintiff has filed the instant action as a pauper under 28 U.S.C. § 1915. An in forma pauperis complaint shall be dismissed if it is found to be frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). Repetitious litigation raising the same cause of action as a previous or pending suit is subject to dismissal under Section 1915 as malicious. Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993) (claims which duplicate claims pending in another federal action by the same plaintiff are "malicious"); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988); Wilson v. Lynaugh, 878 F.2d 846, 849-850 (5th Cir. 1989). Thus, a duplicative, repetitive, and redundant in forma pauperis complaint like this one must be dismissed as malicious under Section 1915(e)(2)(B)(i).

Plaintiff has asserted the same cause of action in Civil Action No. 06-0895 "S"(4), which has been previously dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted, and again in Civil Action No. 07-8220 "K"(5), which is still pending in this court.  Plaintiff's attempt to reassert the same claims anew in a separate, captioned action must be rejected as duplicative, malicious and frivolous.

## RECOMMENDATION

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as duplicative and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In the alternative, if the district judge determines that the case is not duplicative, it is **ALTERNATIVELY RECOMMENDED** that the captioned matter be transferred to  Section "K"(5) for consolidation with the earlier filed case.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with

notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this \_\_\_22nd\_\_\_ day of February, 2008.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

_____
**CLERK TO SERVE:**

**PRO SE PLAINTIFF, CLAUDE D. COLLINS**
**Rayburn Correctional Center**
**27268 Hwy 21**
**Angie, Louisiana 70426**